# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| John E. Peet, et al., | Case No. 17-cv-1870 (ECT/TNL) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| Dexeter Sidney, et al., | |
| Defendants. | |

John E. Peet, 5119 Southeast Gateway Street, Apt. 434, Prior Lake, MN 55372 (pro se Plaintiff);

Jana O'Leary Sullivan, League of Minnesota Cities, 145 University Avenue West, St. Paul, MN 55103 (for Defendants Debbie Goettel & Michelle Luna);

Kari M. Dahlin & Eugene C. Shermoen, Jr. Arthur, Chapman, Kettering, Smetak & Pikala, P.A., 500 Young Quinlan Building, 81 South Ninth Street, Minneapolis, MN 55402 (for Defendants Mark Jones & Sue Morfitt); and

Bahram Samie, Assistant United States Attorney, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415 (for Defendants Department of Housing and Urban Development, Michele K. Smith, & Lendine Darden).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendants Debbie Goettel and Michelle Luna's Motion to Dismiss (ECF No. 33), Defendant Mark Jones and Sue Morfitt's Motion for Partial Dismissal with Prejudice (ECF No. 37), Defendants Department of Housing and Urban Development Minneapolis Field Office Director Michele K. Smith and Department of Housing and Urban Development Investigator Lendine Darden's Motion to Dismiss (ECF No. 61), and Plaintiff John E.

Peet's motion for summary judgment (ECF No. 52). These motions have been referred to the undersigned magistrate judge for a report and recommendation to the Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. Based on all the files, records, and proceedings herein, and for the reasons set forth below, this Court recommends that Goettel and Luna's Motion to Dismiss be **GRANTED IN PART and DENIED IN PART**, that Jones and Morfitt's Motion for Partial Dismissal with Prejudice be **GRANTED**, that Smith and Darden's Motion to Dismiss be **GRANTED**, and that Peet's motion for summary judgment be **DENIED.**

## I.   FACTUAL & PROCEDURAL BACKGROUND

On January 15, 2011, Plaintiff John Peet moved into the New Orleans Court Apartments, located in Richfield, Minnesota. Am. Compl., ¶ 3 (ECF No. 23). Approximately one month after he moved in, a fellow tenant began to harass him. *Id.* at ¶¶ 3-4. Peet reported the harassment to the police, the Richfield mayor's office, the Richfield Housing and Redevelopment Authority, and the corporate office responsible for managing his apartment building. *Id.* at ¶ 5. Peet alleges that the harassment lasted for 22 months in part because Defendant Michelle Luna told him not to file a complaint with the United States Department of Housing and Urban Development ("HUD"). *Id.* at ¶ 9. He also alleges that New Orleans Court Apartment employees falsely accused him of criminal sexual conduct in order to evict him. *Id.* at p. 6.

On September 20, 2012, the manager of Peet's apartment building informed him that his lease would be terminated at the end of his tenancy in January 2013. (ECF No. 1-

2, pp. 77-80). Peet subsequently moved out his apartment on February 2, 2013. (*Id*. at p. 75). Before leaving his apartment, he filed a complaint with HUD, alleging that he had been discriminated against on the basis of race. (ECF No. 1-3, pp. 4-5). HUD dismissed Peet's administrative complaint on May 15, 2014, concluding that "no reasonable cause exists to believe that a discriminatory housing practice has occurred." (*Id*. at pp. 8-12). It reaffirmed that finding on April 21, 2015. (ECF No. 65-1, pp. 3-4).

Peet filed suit on behalf of himself and several other plaintiffs on June 2, 2017. (ECF No. 1). On August 28, 2017, this Court ordered that each individual plaintiff file an application to proceed *in forma pauperis* (IFP), that plaintiffs file an amended complaint addressing certain pleading deficiencies, and that all plaintiffs sign the complaint. (ECF No. 8). This Court then recommended that the matter be dismissed for failure to prosecute after the plaintiffs in the original complaint failed to comply with the August 28, 2017 order. (ECF No. 12). The District Judge adopted this Court's recommendation. (ECF No. 13).

Peet then moved for reconsideration or vacation of the order dismissing the case, contending that he did not receive certain paperwork from the Court. (ECF No. 16). The District Judge vacated the order and directed Peet to file an IFP application and amended complaint. (ECF No. 16). Peet filed an amended complaint on behalf of only himself on February 21, 2018. (ECF No. 23). He named as defendants Debbie Goettel and Michelle Luna ("City Defendants"), who were the mayor and a housing specialist with the Richfield Housing and Redevelopment Authority respectively at the time of the conduct described in the complaint, Mark Jones and Sue Morfitt ("New Orleans Defendants"), who owned

and managed respectively the New Orleans Court apartments, and HUD employees Michele K. Smith and Lendine Darden ("HUD Defendants"). Peet alleges that Defendants violated federal law prohibiting housing discrimination based on the harassment and criminal investigation that he experienced while a tenant at the New Orleans Court Apartments and the subsequent termination of his lease. Peet contends that Defendants violated four federal statutes: (1) 42 U.S.C. § 3604, (2) 42 U.S.C.§ 3617, (3) 42 U.S.C. § 1981, and (4) 42 U.S.C. § 1982. He asks that the Court order that his "housing record and history report" be "clean[ed];" that HUD remove the criminal sexual conduct case from his housing file; and that he be awarded monetary damages to "fully compensate[e]" him for economic losses, and physical and emotional distress. Am. Compl., ¶ 2, p. 11.

The City and HUD Defendants moved to dismiss the complaint in its entirety. The New Orleans Defendants moved to dismiss three of the four counts. Peet also filed a motion for summary judgment. This Court heard argument on each motion on November 1, 2018 and subsequently took them under advisement.

## II. MOTIONS TO DISMISS

### A. Legal Standard

When considering a Rule 12(b)(1) motion, courts must distinguish between facial attacks and factual attacks on jurisdiction. *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016). "In a facial attack, 'the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6).'" *Id.* (quoting *Osborn v. United States*, 918 F.2d 724, 729 n.

6 (8th Cir. 1990)). "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Id*.

In deciding a Rule 12(b)(6) motion, a court accepts as true all well-pleaded factual allegations and then determines "whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In doing so, the court must draw reasonable inferences in the plaintiff's favor. *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sletten & Brettin Orthodontics v. Cont'l Cas. Co.*, 782 F.3d 931, 934 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). Facial plausibility of a claim exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). Although a sufficient complaint need not be detailed, it must contain "[f]actual allegations . . . enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). Complaints are insufficient if they contain "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In assessing a complaint by a *pro se* plaintiff, the court applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "If the essence of an allegation is discernible," then the court, in applying a liberal construction to *pro se* complaints, "should construe the complaint in a way that permits the layperson's claim to

5

be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Despite the liberal construal of such complaints, the *pro se* plaintiff "still must allege sufficient facts to support the claims advanced." *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone*, 364 F.3d at 914). Thus, *pro se* litigants "must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Id*. (quoting *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981)).

In this case, Peet seeks relief under two provisions of the Fair Housing Act ("FHA"). *See generally* 42 U.S.C. §§ 3601-3619. As relevant here, the FHA prohibits any person from refusing to sell or rent or refusing to negotiate for the sale or rental of a dwelling to any person because of race or color. 42 U.S.C. § 3604. It also prohibits the interference with another person's rights under the FHA. 42 U.S.C. § 3617.

Peet also seeks relief under 42 U.S.C. §§ 1981 and 1982. Section 1981 provides that all "persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property." 42 U.S.C. § 1981(a). Section 1982 also guarantees all persons the "same right, in every State and Territory . . . to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982.

### B. Application of the Sovereign Immunity Doctrine

Peet has filed suit against two employees of HUD. The United States enjoys sovereign immunity and cannot be sued without its consent. *United States v. Mitchell*, 463

U.S. 206, 212 (1983). But federal officials do not enjoy sovereign immunity unless the action is effectively one against the government. *Rochester Methodist Hosp. v. Travelers Ins. Co.*, 728 F.2d 1006, 1012-13 (8th Cir. 1984). An action is effectively against the government if the judgment would be satisfied from the public treasury, would interfere with public administration, or would restrain the government from acting or compel it to act. *Id.* If the doctrine of sovereign immunity applies, then Peet's claims must be dismissed for lack of subject matter jurisdiction. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

In this case, Peet seeks both a court order directing HUD to remove the criminal sexual conduct case from his housing file and monetary damages compensating him for his losses. Because Peet seeks compensatory damages and a court order compelling action from HUD regarding his housing file, his lawsuit is effectively against the government. *See Coleman v. Espy*, 986 F.2d 1184, 1189 (8th Cir. 1993) (recognizing sovereign immunity where injunctive relief and compensatory damages were sought). Thus, the Court may confer sovereign immunity on the HUD Defendants unless it has been waived.

The United States has expressly waived sovereign immunity through the Administrative Procedure Act for "any action for nonmonetary relief brought against the United States." *Raz v. Lee*, 343 F.3d 936, 938 (8th Cir. 2003); *see also Jackson v. Metro Council HRA Mgmt. Ass'n.*, No. 10-2370, 2011 WL 1486039 *2 (D. Minn. Mar. 18, 2011) (finding sovereign immunity waived for non-monetary claims, including claims brought under the FHA), *report and recommendation adopted by* 2011 WL 1483768 (D. Minn. Apr. 19, 2011). There is, however, no such waiver for claims for monetary relief brought under the FHA. *Jackson*, 2011 WL 1486039 at *2. Nor has the United States provided such

a waiver for claims for monetary relief brought under Section 1981 or 1982. *Little Earth of United Tribes, Inc. v. U.S. Dept, of Hous. & Urban Dev.*, 584 F. Supp. 1292, 1298-1300 (D. Minn. 1983). The Court therefore recommends that Peet's monetary claims against the HUD Defendants be dismissed with prejudice. The Court declines, however, to the extent that Peet seeks injunctive relief on his claims, to recommend that those claims be dismissed on sovereign immunity grounds.

### C. Several of Peet's Claims are Untimely.

A person who seeks relief under the FHA must commence a civil action no "later than two years after the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). This two-year period is tolled during the pendency of any administrative proceeding related to the alleged discriminatory practice. 42 U.S.C. § 3613(a)(1)(B). An administrative proceeding begins when a person files a complaint with HUD. 42 U.S.C. §§ 3602, 3610.

Here, Peet filed an administrative complaint with HUD on December 12, 2012. HUD issued its findings on May 15, 2014 and affirmed those findings on April 21, 2015. Thus, assuming that the discrimination complained of this matter occurred until Peet was evicted from his apartment on February 2, 2013, Peet was required to file this action no later than April 21, 2017. He did not do so. His FHA claims are therefore untimely. The Court recommends that these claims be dismissed with prejudice as to all defendants.

The City and New Orleans Defendants also contend that Peet's Section 1981 claims are untimely. Originally, Section 1981 protected against discrimination that occurred only before the formation of a contract. *Patterson v. McLean Credit Union*, 491 U.S. 164, 171

8

(1989). Claims brought under Section 1981 that related to pre-formation discriminatory acts were subject to a six-year statute of limitations. *Powers-Potter v. Nash Finch Co.*, No. 14-cv-399, 2015 WL 1396981 *1 (D. Minn. Mar. 26, 2015). But in 1991, Congress expanded Section 1981 to prohibit discriminatory acts that occurred post-formation of the contract. *See Jones v. R.R. Donnelley & Sons. Co.*, 541 U.S. 369, 384 (2004). Following the passage of the 1991 amendments, the Supreme Court concluded that lawsuits brought under Section 1981 that related to post-formation discriminatory acts were subject to a four-year statute of limitations. *See id*. at 382 (citing 28 U.S.C. § 1658).

In this case, Peet alleges that Defendants violated Section 1981 by discriminating against him on the basis of race "in the performance of their contracts" with him and that such discrimination affected his enjoyment of the "benefits, privileges, terms, and conditions" of those contractual relationships. He does not claim that any discrimination occurred prior to the formation of his lease. Because Peet alleges only post-formation discriminatory acts, his 1981 claim is subject to a four-year statute of limitations. Assuming again for purposes of this motion that Peet experienced discrimination until the date of his eviction on February 2, 2013, Peet was required to file his lawsuit by February 2, 2017. Because he did not file suit until June 2017, his Section 1981 claim is untimely. The Court therefore recommends that this claim be dismissed with prejudice as to the City and New Orleans Defendants.

### D. Peet's Section 1981 and 1982 Claims for Injunctive Relief Against the HUD Defendants Fail.

The HUD Defendants also contend that Peet fails to state a claim for relief under 42 U.S.C. §§ 1981 and 1982. To successfully plead a claim under either Section 1981 or 1982, a plaintiff must allege sufficient facts to show the defendant acted with discriminatory intent. *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 469 (8th Cir. 2009); *Dirden v. U.S. Dept. of Hous. & Urban Dev.*, 86 F.3d 112, 114 (8th Cir. 1996). Discriminatory intent implies that the defendant "elected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Spirit Lake Tribe of Indians ex rel. Committee of Understanding and Respect v. National Collegiate Athletic Ass'n,* 715 F.3d 1089, 1092 (8th Cir. 2013) (quoting *Personnel Adm'r of Moss v. Feeney*, 442 U.S. 256, 279 (1979)).

Peet does not allege any facts to show that the HUD Defendants acted with discriminatory intent when they reviewed or investigated his claim of discrimination. At most, Peet makes only a conclusory allegation that the HUD Defendants discriminated against him on the basis of race. Peet does not provide any additional detail or context to those allegations. He does not, for example, plead any facts to show that the HUD Defendants failed to enforce the law on the basis of Peet's race. Nor does he identify anything in the documentary evidence attached to his complaint showing the HUD Defendants did not fully or fairly investigate his complaint, much less that they did so in order to discriminate against him. The Court therefore recommends that Peet's 1981 and 1982 claims be dismissed without prejudice as to the HUD Defendants only.

### E. The Doctrine of Qualified Immunity Bars Peet's Section 1982 Claim for Monetary Relief Against the City Defendants.

The City Defendants also moved to dismiss Peet's Section 1982 claim on qualified immunity grounds. Qualified immunity protects government officials from liability for civil damages when their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Rights are clearly established when "a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987).

Peet does not identify in Count Four what specific actions the City Defendants took that violated his rights under Section 1982. The only facts that Peet alleges in his complaint regarding the City Defendants relate to their failure to respond to his claims of harassment by another tenant and their alleged investigation of him for criminal sexual conduct. But as the City Defendants note, there is nothing in the complaint to show that their actions caused Peet to be convicted, prosecuted, or even arrested for criminal sexual conduct or that it is clearly established that Section 1982 prohibits them from referring matters for criminal investigation. Peet also fails to allege any facts or cite to any legal authority showing that it is clearly established that the City Defendants had a duty to investigate his claims of harassment under Section 1982. In short, Peet pleads no facts to show that Defendants engaged in conduct clearly prohibited by Section 1982. Therefore, the Court

recommends that the City Defendants are entitled to qualified immunity as to Count Four of the Complaint.

The doctrine of qualified immunity, however, applies only to claims for monetary relief, not injunctive relief. *Mead v. Palmer*, 794 F.3d 932, 937 (8th Cir. 2015). Peet also seeks injunctive relief regarding his housing file and record. Unlike the HUD Defendants, the City Defendants do not challenge the merits of Peet's Section 1982 claim or otherwise argue that Peet's claim for injunctive relief should be dismissed. The Court therefore recommends that the City Defendants' motion to dismiss be granted as to Count Four only to the extent that Peet seeks monetary relief for that claim.

## III.   MOTION FOR SUMMARY JUDGMENT

Peet has also moved for summary judgment. Under Rule 56(a), courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *accord Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 792 (8th Cir. 2012). "If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." *Gannon Int'l*, 684 F.3d at 792. "To establish a genuine issue of material fact, . . . '[the non-moving party] may not merely point to unsupported self-serving allegations but must substantiate allegations with sufficient probative evidence that would permit a finding in his favor.'"

*Turner v. Mull*, 784 F.3d 485, 489 (8th Cir. 2015) (quoting *Davidson & Assocs. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005)).

The HUD and New Orleans Defendants oppose this motion, arguing that it is premature. "As a general rule, summary judgment is proper 'only after the nonmovant has had adequate time for discovery.'" *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999) (quoting *In re TMJ Litigation*, 113 F.3d 1484, 1490 (8th Cir. 1997)). Under Rule 56(d),

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

"The purpose of [Rule 56] is 'to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment.'" *Jackson v. Riebold*, 815 F.3d 1114, 1121 (8th Cir. 2016) (quoting *Toben v. Bridgestone Retail Operations*, 751 F.3d 888, 894 (8th Cir. 2014)). Rule 56(d) "should be applied with a spirt of liberality" and courts have wide discretion in ruling on requests for relief thereunder. *United States ex rel. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 427 (8th Cir. 2002) (quotation omitted); *see Jackson*, 815 F.3d at 1121; *Nelson v. Am. Home Assurance Co.*, No. 11-cv-1161 (RHK/FLN), 2011 WL 2397160, at *1 (D. Minn. June 13, 2011).

In this case, no party has answered the complaint and no discovery has been conducted yet on Peet's claims. *See CBS Interactive, Inc. v. Nat'l Football League Players Ass'n, Inc.*, 259 F.R.D. 398, 417 (D. Minn. 2009) (noting that district court can deny motion

13

for summary judgment without prejudice if filed before a party answers the complaint). In fact, the Court has not even issued a pre-trial scheduling order yet. Discovery will be necessary for a proper evaluation of Peet's remaining claims, including whether any of the remaining Defendants acted with discriminatory intent or deprived him of his opportunity to purchase or lease real estate. The Court therefore recommends that Peet's motion for summary judgment be denied without prejudice as premature.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants Debbie Goettel and Michelle Luna's Motion to Dismiss (ECF No. 33) be **GRANTED IN PART and DENIED IN PART** as follows:

    a. Counts One through Three be dismissed with prejudice;

    b. Count Four, to the extent that it asserts claims for monetary relief, be dismissed with prejudice; and

    c. The motion be denied as to Count Four, to the extent that it asserts claims for injunctive relief.

2. Defendant Mark Jones and Sue Morfitt's Motion for Partial Dismissal with Prejudice (ECF No. 37) be **GRANTED**.

3. Department of Housing and Urban Development Minneapolis Field Office Director Michele K. Smith and Department of Housing and Urban Development Investigator Lendine Darden's Motion to Dismiss (ECF No. 61) be **GRANTED** as follows:

    a. Counts One and Two be dismissed with prejudice; and

    b. Counts Three and Four be dismissed without prejudice.

4. Plaintiff John E. Peet's motion for summary judgment (ECF No. 52) be **DENIED** without prejudice.

5. All prior consistent orders remain in full force and effect.

6. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: January 23, 2019                             *s/ Tony N. Leung*
                                                    Tony N. Leung
                                                    United States Magistrate Judge
                                                    District of Minnesota

                                                    *Peet, et al. v. Sidney, et al.*
                                                    No. 17-cv-1870 (ECT/TNL)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those

objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).