UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

John E. Peet,                                  File No. 17-cv-1870 (ECT/TNL)

      Plaintiff,

v.

Michele K. Smith, acting Director MN Hud      **ORDER ACCEPTING REPORT**
Dept, Lendine Darden, Inv Hud Dept,           **AND RECOMMENDATION**
Sue Morfit, New Orleans Court apt,
Mark Z. Jones, Highland Management gr Inc,
Michelle Luna, Housing Specialist HRA,
Debbie Goettel, May of Richfield MN now
Commissioner Hennepin County MN,
Mark Jones, New Orleans Court apt,

      Defendants.
_____

This matter is before the Court on the motion [ECF No. 76] of John E. Peet ("Peet") for an extension of time to file objections to a Report and Recommendation of United States Magistrate Judge Tony N. Leung issued January 23, 2019 and entered January 24, 2019 [ECF No. 74]. If calculated from the later of those two dates, Peet's fourteen-day deadline under Fed. R. Civ. P. 72(b)(2) to file any objections to the Report and Recommendation would ordinarily have expired on February 7, 2019. Because Peet is a *pro se* litigant who does not participate in the District's e-filing system and who instead was served by mail, Rule 6(d) entitles him to an additional three days, or until February 10, 2019, to file any objections. And because that extended deadline fell on a Sunday, Peet's deadline was extended one additional day under Rule 6(a)(1)(C), until Monday February 11, 2019. He filed his motion for an extension of time on February 11 (though it was postmarked

February 8). ECF No. 76-1; *see* Fed. R. Civ. P. 5(d)(2) (a paper is filed when it is "delivered").

There was—as is common and practically unavoidable with papers filed by mail—a brief delay in the processing of Peet's motion, and the motion was not docketed electronically until February 13, 2019. In the meantime, the Court entered an Order adopting Magistrate Judge Leung's Report and Recommendation after reviewing it under the clear-error standard of review required when no party has filed an objection. ECF No. 75; *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

Because Peet's motion for an extension of time was timely, the Court will consider whether it demonstrates good cause, as required under Rule 6(b)(1)(A), rather than under the stricter excusable-neglect standard that applies when a request is not made until after the original deadline has expired, *see* Fed. R. Civ. P. 6(b)(1)(B). Peet strenuously disagrees with the Report and Recommendation, and maintains that he is much aggrieved by the facts surrounding his case and their ongoing impact in his life. *See generally* ECF No. 76. But other than repeatedly stating that he needs more time to file objections, the only explanation he offers for *why* he needs more time is that "it [will] take me more time th[a]n 14 Days to get Help for me to try to understand How I [can get][1] this case in my favor." ECF No. 76 at 3. Without more, that explanation does not constitute good cause.

Liberally construed, certain portions of Peet's motion for an extension of time could be considered an objection to the Report and Recommendation. *Erickson v. Pardus*,

---

[1] Although this portion is difficult to read, "can get" represents the Court's best guess at interpreting Peet's handwriting.

551 U.S. 89, 94 (2007) (per curiam) ("A document filed pro se is 'to be liberally construed.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Because, due to the delay in docketing, the Court was unaware that Peet had filed a timely objection, the Court considered only whether the Report and Recommendation was clearly erroneous and did not apply the de novo review required when a party has timely objected. *See* ECF No. 75; Fed. R. Civ. P. 72(b)(3). Accordingly, the Court's prior order will be vacated sua sponte to apply the correct standard of review to Peet's objections. Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record" and may do so "on its own, with or without notice").

Having undertaken that de novo review, the Court concludes that Magistrate Judge Leung's analysis and conclusions are correct.

Therefore, based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED** that:

1. The Court's February 11, 2019 Order Adopting Report And Recommendation [ECF No. 75] is **VACATED**;

2. The Motion for Extension of Time to File Objections to Report and Recommendations [ECF No. 76] is **DENIED IN PART** and **OVERRULED IN PART** as follows:

    a. Insofar as that motion seeks an extension of time to file objections, it is **DENIED**; and

    b.    Insofar as that motion, liberally construed, constitutes objections to the Report and Recommendation, those objections are **OVERRULED**;

3.    The Report and Recommendation [ECF No. 74] is **ACCEPTED** in full;

4.    The motion to dismiss filed by Defendants Debbie Goettel and Michelle Luna [ECF No. 33] is **GRANTED IN PART and DENIED IN PART** as follows:

    a.    Counts One through Three are dismissed with prejudice;

    b.    Count Four, to the extent that it asserts claims for monetary relief, is dismissed with prejudice; and

    c.    The motion is denied as to Count Four, to the extent that it asserts claims for injunctive relief.

5.    The motion for partial dismissal with prejudice filed by Defendants Mark Jones and Sue Morfitt [ECF No. 37] is **GRANTED**;

6.    The motion to dismiss filed by Defendants Department of Housing and Urban Development Minneapolis Field Office Director Michele K. Smith and Department of Housing and Urban Development Investigator Lendine Darden [ECF No. 61] is **GRANTED** as follows:

    a.    Counts One and Two are dismissed with prejudice; and

    b.    Counts Three and Four are dismissed without prejudice.

7. Plaintiff John E. Peet's motion for summary judgment [ECF No. 52] is **DENIED** without prejudice.

Dated: February 20, 2019

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court