UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John E. Peet, et al.,                                        Case No. 17-cv-1870 (ECT/TNL)

           Plaintiffs,

v.                                                           **ORDER**

Michele K. Smith, et al.,

           Defendants.

John E. Peet, 5119 Southeast Gateway Street, Apt. 434, Prior Lake, MN 55372 (pro se Plaintiff);

Jana O'Leary Sullivan, League of Minnesota Cities, 145 University Avenue West, St. Paul, MN 55103 (for Defendants Debbie Goettel & Michelle Luna); and

Kari M. Dahlin & Eugene C. Shermoen, Jr. Arthur, Chapman, Kettering, Smetak & Pikala, P.A., 500 Young Quinlan Building, 81 South Ninth Street, Minneapolis, MN 55402 (for Defendants Mark Jones & Sue Morfitt).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiff John E. Peet's motion to compel (ECF No. 103), motion regarding witness tampering and fraudulent documents (ECF No. 104), and The New Orleans Court Defendants' Motion for Limited Purpose Extension of Fact Discovery Deadline. (ECF No. 120). For the reasons set for the below, the Court will deny the motion to compel and the motion regarding witness tampering and fraudulent documents. The Court will grant the motion for a limited extension of the fact discovery deadline.

## I. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff John E. Peet has filed a lawsuit alleging that Defendants violated federal law prohibiting housing discrimination. Peet contends that he was harassed and the subject of an unwarranted criminal investigation while a tenant at the New Orleans Court Apartments and that his lease was unlawfully terminated. Motions to dismiss have reduced the complaint to the following: a claim for monetary damages and injunctive relief against Defendants Mark Jones and Sue Morfitt ("New Orleans Defendants"), for violating 42 U.S.C. § 1982, and a claim for injunctive relief against Defendants Debbie Goettel and Michelle Luna ("City Defendants"), also for violating 42 U.S.C. § 1982.

A pretrial scheduling conference was held regarding this matter on April 18, 2019. (ECF No. 98). Following the conference, the Court issued a scheduling order in this case. (ECF No. 99). The Court set a fact discovery deadline of September 1, 2019.

On July 25, 2019, Peet filed two motions. First, he filed a motion to compel, seeking production of documents from the City Defendants, asserting that they produced "mostly junk mail not relevant to this case." (ECF No. 103, p. 2). Peet claimed that if the City Defendants do not have responsive documents, then they need "to admit or deny Statement of Facts." (ECF No. 103, p. 3). Peet also asked that the Court order the New Orleans Defendants provide proper discovery responses, noting that they also have provided no relevant documents to support any of their defenses. (ECF No. 103, p. 4).

Second, Peet filed a motion regarding witness tampering and fraudulent documents. He claims that the New Orleans Defendants have intimidated and threatened witnesses and that their counsel has violated the Minnesota Rules of Professional Conduct. (ECF No.

104, p. 1). He further alleges that certain documents produced by the New Orleans Defendants were fabrications. (ECF No. 104, p. 5).

It appears that no later than August 6, 2019, Peet informed the New Orleans Defendants that they had failed to produce a certain declaration in discovery that Peet claimed was relevant to this matter. Peet indicated the declaration was filed as part of a proceeding with the Department of Housing and Urban Development ("HUD") that preceded this action. Peet made a second request for the declaration on August 8, 2019.

The New Orleans Defendants were unable to locate a copy of this declaration in their records, though they were able to produce a separate unsigned statement from the author of the declaration. They then attempted to locate the declaration by filing public records requests for all documents produced to HUD and the Minnesota Department of Human Rights ("MDHR") regarding complaints that Plaintiff John E. Peet filed with each agency. HUD and MDHR have acknowledged receipt of those requests, but have been unable to identify precisely when they will respond.

On August 22, 2019, the New Orleans Defendants asked by e-mail for an informal dispute conference to address whether the Court would order a limited extension of the fact discovery deadline to allow HUD and MDHR to respond to their requests. The Court denied that request and directed them to seek relief via formal motion practice. On August 30, 2019, the New Orleans Defendants moved for a limited extension of the fact discovery

deadline. The other Defendants in this case do not oppose the motion for an extension. Peet, however, does oppose the request.[1]

## II. MOTION TO COMPEL

The Court will first consider Peet's motion to compel. Rule 26 permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). To determine whether the discovery requested is proportional to the needs of the case, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). This Court "has considerable discretion in granting or denying discovery requests[.]" *Bredemus v. Int'l Paper Co.*, 252 F.R.D. 529, 534 (D. Minn. 2008).

In response to Peet's motion, the City Defendants contend they have produced Peet's entire housing file to him and searched diligently for other documents responsive to his requests. Likewise, the New Orleans Defendants assert that they have produced all

---

[1] Peet titled his response as a "Motion to Oppose a Request for Extensions of Discovery Deadline, oppose two affidavits of Jan O'Leary Sullivan." (ECF No. 127). Though titled as a motion, the Court will treat it as Peet's response to the motion for a limited extension of fact discovery. To the extent Peet filed that document as a reply to Defendants' responses to his motions to compel and for sanctions, he did not seek permission before filing a reply brief and so the Court will not consider any arguments made in this document that relate to his motions. D. Minn. LR 7.1(b)(3).

4

documents in their possession that are responsive to Peet's discovery requests and that they will continue to produce any documents that they later discover or obtain. This Court cannot compel the production of documents that do not exist, particularly when, as here, Peet has done nothing more than speculate that either set of Defendants are being untruthful. *VICA Coal Co., Inc. v. Crosby,* 212 F.R.D. 498, 501 (S.D. W.Va. 2003); *see also AGA Med. Corp. v. W.L. Gore & Assocs., Inc.*, No. 10-cv-3734, 2011 WL 11023511, at *13 (D. Minn. Oct. 19, 2011). The Court will therefore deny the motion to compel. The Court expects, of course, that any responsive documents discovered in the future will be turned over promptly. The Court also expects that all Defendants will timely respond to any of Peet's Requests for Admission or Interrogatories.

### III.  MOTION FOR SANCTIONS

The Court will next address Peet's motion alleging that the New Orleans Defendants engaged in witness tampering and produced fabricated documents. Because Peet asks the Court to penalize the New Orleans Defendants and their counsel for their conduct, the Court interprets his motion as seeking sanctions. The Court may sanction any party who fails to make disclosures or otherwise cooperate with discovery. Fed. R. Civ. P. 37. The Court also has the inherent authority to order sanctions that are necessary to "achieve the orderly and expeditious resolution of cases." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 749 (8th Cir. 2018). This includes the authority to "fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haener*, 137 S. Ct. 1178, 1186 (2017) (citation omitted). The inherent authority to sanction extends to a full range of litigation abuses and is not displaced by the Federal Rules or any other statute.

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). It includes the authority to sanction a party for acting "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id*. at 44. The bad faith requirement does not, however, extend "to every possible disciplinary exercise of the court's inherent power." *Harlan v. Lewis*, 982 F.2d 1255, 1260 (8th Cir. 1993).

Peet has failed to demonstrate that sanctions are appropriate here. He has only vaguely asserted that the New Orleans Defendants have been in contact with potential witnesses. It appears, based on Peet's motion, that those witnesses resided at the same apartment that he did, and that he believes the New Orleans Defendants threatened to evict them if they did not testify favorably. Peet has not, however, identified who those witnesses were, or where or when the threats occurred; nor has he provided any other evidence (such as affidavits or e-mails) that would substantiate his claims. In contrast, Morfitt submitted a sworn declaration denying that she had asked any witness to testify falsely in this matter. (ECF No. 115). Absent additional information from Peet, the Court cannot conclude that the New Orleans Defendants attempted to tamper with any witness.

Peet has also failed to show that the New Orleans Defendants have altered or fabricated documents. Peet's motion appears to center on a letter entitled "LEASE VIOLATION" that is dated January 18, 2012. (ECF No. 104, p. 9). He contends that this document was "made up." He also argues that the grounds described in that letter do not constitute a lease violation. It is not clear to the Court whether Peet is arguing that the January 18, 2012 letter has been altered or fabricated or whether he is claiming the circumstances described in that letter do not constitute a lease violation.

In either case, however, the Court will deny Peet's motion. Again, Peet does nothing more than speculate that the letter has been fabricated. And though Peet is free to argue that the grounds described in that letter do not constitute a lease violation, that argument is more appropriate for summary judgment or trial, not in a motion for sanctions for discovery misconduct. At this point Peet has provided the Court no reason to conclude that either set of Defendants has acted inappropriately.

## IV. MOTION TO EXTEND DISCOVERY DEADLINE

Finally, the Court will consider whether it is appropriate to modify the pretrial scheduling order. When the Court sets deadlines in a pretrial scheduling order, those deadlines may be modified only upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012). The Court generally does not consider whether the opposing party will suffer prejudice unless the Court first concludes that the moving party has been diligent in seeking to meet the scheduling order's deadlines. *Id*. The "focus in the first instance" is solely on the moving party's attempts to satisfy the scheduling order. *Id*. (citation omitted).

The New Orleans Defendants have acted diligently. Shortly after Peet requested the declaration at issue, the New Orleans Defendants reviewed their files and requested documents from both HUD and MDHR. Then, after learning that neither agency would be able to identify when they would respond to those requests, the New Orleans Defendants quickly sought relief from the Court, both by way of an informal dispute conference and

through formal motion practice. There is little, if anything, else the New Orleans Defendants could do to meet the scheduling order's requirements.

Peet will also not suffer prejudice. If anything, the requests made by the New Orleans Defendants will assist him in this case, as it may provide him additional discovery with which to pursue his claims. The limited extension proposed by the New Orleans Defendants will not impact any other deadlines in the pretrial scheduling order. Accordingly, the Court will grant the motion for an extension.

## V. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff John E. Peet's motion to compel (ECF No. 103) is **DENIED**.

2. Peet's motion for sanctions regarding witness tampering and fraudulent documents (ECF No. 104) is **DENIED**.

3. The New Orleans Court Defendants' Motion for Limited Purpose Extension of Fact Discovery Deadline (ECF No. 120) is **GRANTED**. The New Orleans Defendants shall produce all responsive documents received by HUD and MDHR to Peet within 10 days' receipt of those documents.

4. All prior consistent orders remain in full force and effect.

[continued on next page]

5. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: September 18, 2019  	*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Peet, et al. v. Smith, et al.*
No. 17-cv-1870 (ECT/TNL)