# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

John E. Peet, et al.,                  Case No. 17-cv-1870 (ECT/TNL)

          Plaintiffs,

v.                                                               **ORDER**

Michele K. Smith, et al.,

          Defendants.

---

John E. Peet, 5119 Southeast Gateway Street, Apt. 434, Prior Lake, MN 55372 (pro se Plaintiff);

Jana O'Leary Sullivan, League of Minnesota Cities, 145 University Avenue West, St. Paul, MN 55103 (for Defendants Debbie Goettel & Michelle Luna); and

Kari M. Dahlin & Eugene C. Shermoen, Jr. Arthur, Chapman, Kettering, Smetak & Pikala, P.A., 500 Young Quinlan Building, 81 South Ninth Street, Minneapolis, MN 55402 (for Defendants Mark Jones & Sue Morfitt).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on NOC Defendants' Motion for In Camera Review and Order on Production of Documents. (ECF No. 148). Having reviewed the documents, the Court will order the New Orleans Defendants to produce redacted versions to Plaintiff John E. Peet. The Court will also order the parties to treat these documents as "Confidential Information" under the Protective Order.

## I. FACTUAL & PROCEDURAL BACKGROUND

In discovery, Plaintiff John E. Peet requested a declaration that he believed had been filed with the Department of Housing and Urban Development ("HUD"), which related to a discrimination charge he filed against his landlords. Defendants Mark Jones and Sue Morfitt ("New Orleans Defendants") could not locate the declaration in their files, but attempted to locate it by submitting public records requests to HUD and the Minnesota Department of Human Rights.

The Minnesota Department of Human Rights produced the declaration, along with an accompanying cover letter on December 9, 2019. (ECF No. 152, p. 1). The New Orleans Defendants reviewed the two documents but concerned that their production might "'oppress' the declarant within the meaning of Fed. R. Civ. P. 26(c)," did not produce them. (ECF No. 150, p. 2). Instead, the New Orleans Defendants asked the Court to review both documents to determine whether they should be produced. The Court ordered the New Orleans Defendants to produce both documents for in camera review on December 18, 2019. (ECF No. 163).

## II. MOTION TO PRODUCE

Rule 26 permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevance is construed broadly. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). To determine whether the discovery requested is proportional to the needs of the case, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If the discovery would subject a person to annoyance, embarrassment, or oppression, the Court may issue a protective order that (1) forbids the disclosure of discovery; (2) limits the scope of discovery; (3) or specifies "terms . . . for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A), (B), and (D). This Court "has considerable discretion in granting or denying discovery requests[.]" *Bredemus v. Int'l Paper Co.*, 252 F.R.D. 529, 534 (D. Minn. 2008).

The parties do not dispute that the documents here are relevant to this case. The NOC Defendants question only whether, given the sensitive information contained in both documents, their disclosure might harm the individual who is the subject of the declaration. Peet argues that both documents should be turned over.

The Court has reviewed the declaration and cover letter. The Court agrees with the parties that the declaration and cover letter contain information that is relevant to this proceeding. The Court also agrees that public disclosure of this information would oppress the person who authored the declaration. To balance these competing interests, the Court will order the NOC Defendants to produce both documents document, but to redact all personal identifying information, including any names, addresses, or information contemplated by Federal Rule of Civil Procedure 5.2. The Court will also require the parties treat these documents as "Confidential Information" under the terms and conditions of the Protective Order (ECF No. 93). The parties are encouraged to exercise caution in using information contained in both documents in public court filings.

### III.   CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The NOC Defendants' Motion for In Camera Review and Order on Production of Documents (ECF No. 148) is **GRANTED**. The New Orleans Defendants shall produce the documents that are the subject of this motion within seven days of the date this Order is filed. The parties shall treat those documents as Confidential Information under the terms and conditions of the Protective Order (ECF No. 93).

2. All prior consistent orders remain in full force and effect.

3. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: January 21, 2020      *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Peet, et al. v. Smith, et al.*
No. 17-cv-1870 (ECT/TNL)