UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John E. Peet, et al., | Case No. 17-cv-1870 (ECT/TNL) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| Michele K. Smith, et al., | |
| Defendants. | |

John E. Peet, 5119 Southeast Gateway Street, Apt. 434, Prior Lake, MN 55372 (pro se Plaintiff);

Jana O'Leary Sullivan, League of Minnesota Cities, 145 University Avenue West, St. Paul, MN 55103 (for Defendants Debbie Goettel & Michelle Luna); and

Kari M. Dahlin & Eugene C. Shermoen, Jr. Arthur, Chapman, Kettering, Smetak & Pikala, P.A., 500 Young Quinlan Building, 81 South Ninth Street, Minneapolis, MN 55402 (for Defendants Mark Jones & Sue Morfitt).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiff John E. Peet's "Motion for Default for Failure to Comply with a Judge Order with Local Rule Civ. P. 26(a)(1)(A) and Rule 36 Admission Sue Morfit and Mark Jones." (ECF No. 155). This motion has been referred to the undersigned magistrate judge for a report and recommendation to the Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. Based on all the files, records, and proceedings herein, and for the reasons set forth below, this Court recommends that the motion for default be denied.

**I.   FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff John E. Peet alleges that Defendants have violated federal laws prohibiting housing discrimination. Peet contends that he was harassed and the subject of an unwarranted criminal investigation while a tenant at the New Orleans Court Apartments and that his lease was unlawfully terminated. Motions to dismiss have reduced the complaint to the following: a claim for monetary damages and injunctive relief against Defendants Mark Jones and Sue Morfitt ("New Orleans Defendants"), for violating 42 U.S.C. § 1982, and a claim for injunctive relief against Defendants Debbie Goettel and Michelle Luna ("City Defendants"), also for violating 42 U.S.C. § 1982.

In July 2019, Peet filed motions to compel and for sanctions. (ECF Nos. 103-104). The Court denied both motions, but granted the New Orleans Defendants' request for an extension of the fact discovery deadline so that they could make a public records request to the Minnesota Department of Human Rights for a declaration that Peet had sought through discovery. (ECF No. 130). The New Orleans Defendants obtained that declaration and an accompanying cover letter and submitted it to the Court for in camera review. (ECF Nos. 148, 163). The Court ordered the New Orleans Defendants to disclose a redacted version of both documents to Peet on or before January 28, 2020. (ECF No. 202).

Peet then filed an application for entry of default (ECF No. 158). He also moved for entry of default judgment. (ECF No. 155). The Clerk of Court denied Peet's application for entry of default on December 18, 2019. (ECF No. 164).

Peet appears to seek default judgment as a sanction against the New Orleans Defendants for failing to comply with Court orders regarding discovery and for failing to

2

make disclosures required of them by the Federal Rules of Civil Procedure. In particular, Peet argues that the New Orleans Defendants have not complied with this Court's August 12, 2019 Order (ECF No. 113) and its October 18, 2019 Order.[1] (ECF No. 132). He also argues that the New Orleans Defendants have not made disclosures required of them by Federal Rule of Civil Procedure 26. Finally, he claims that Defendants have failed to provide him a "written admittance for discoverable documents or Requested documents as Exhibits of Evidence." (ECF No. 155, p. 3).

## II. MOTION FOR DEFAULT JUDGMENT

Peet asks that default judgment be entered under Federal Rules of Civil Procedure 26, 37, and 55. He further states that the Court previously warned the parties that failure to comply with its orders might result in the imposition of sanctions, including default judgment. The Court construes this argument as a request to enter default judgment under the Court's inherent authority.

The Court may impose "an appropriate sanction" on a person who, without substantial justification, certifies that his or her Rule 26 disclosures are complete and correct, or that any objection he or she made to a discovery request is consistent with the Federal Rules and warranted by existing law. Fed. R. Civ. P. 26(g)(3). Under Rule 37, the Court may enter default judgment against a party that fails to obey a discovery order or

---

[1] Both orders relate to Peet's motions to compel and for sanctions. The August 12 Order required Peet to meet-and-confer with Defendants regarding his motions. (ECF No. 113, p. 2). The October 18 Order denied Peet's request to file a motion for reconsideration. (ECF No. 132). Neither of these orders required the New Orleans Defendants to take any action, other than respond to Peet's motions following the meet-and-confer. The Court therefore construes Peet's motion as relating to his motion to compel and the New Orleans Defendants' discovery conduct generally.

3

who fails to provide information required by Rules 26(a) and (e). Fed. R. Civ. P. 37(b)(2)(A)(vi); 37(c)(1)(C). Finally, the Court may use its inherent authority to fashion an appropriate sanction, including default judgment, for conduct that abuses the judicial process. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-45 (1991).

The entry of default judgment as a sanction for discovery misconduct is a "rare judicial act," *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993) (citation omitted), and typically occurs only after there is "'(1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party.'" *Everyday Learning Corp. v. Larson,* 242 F.3d 815, 817 (8th Cir. 2001) (quoting *Keefer v. Provident Life & Accident Ins. Co.,* 238 F.3d 937, 940 (8th Cir. 2000)). Furthermore, because sanctions must be "just and relate to the claim at issue," and because default judgment is among the harshest of sanctions a court can impose, it is the rare case where a party's misconduct justifies entry of default judgment. *Hairston v. Alert Safety Light Products, Inc.*, 307 F.3d 717, 719 (8th Cir. 2002) (citation and internal quotation marks omitted).

Peet has not demonstrated that default judgment is warranted under either Rule 26, Rule 37, or the Court's inherent authority. At the outset, Peet has failed to establish that the New Orleans Defendants violated a court order or withheld materials that were either responsive to his discovery requests or required to be disclosed under Rule 26. With the exception of two documents that the New Orleans Defendants submitted for in camera review, and which the Court ordered to be disclosed in the near future, the Court has not issued an order compelling discovery in this case. The Court understands, from both this motion and Peet's previous motion to compel, that Peet believes that there are other

documents in the possession of the New Orleans Defendants that should have been disclosed. But, with the exception of the two documents submitted for the Court's in camera review, the New Orleans Defendants assert they have turned over all documents that exist and that are in their possession. As the Court noted in its previous order (ECF No. 130, p. 5), it cannot compel the production of documents that do not exist. *VICA Coal Co., Inc. v. Crosby*, 212 F.R.D. 498, 501 (S.D. W.Va. 2003); *see also AGA Med. Corp. v. W.L. Gore & Assocs., Inc.*, No. 10-cv-3734, 2011 WL 11023511, at *13 (D. Minn. Oct. 19, 2011). Because Peet has done nothing more than speculate that the New Orleans Defendants are withholding discoverable information, he has failed to meet the high burden necessary to justify default judgment, under either the Federal Rules of Civil Procedure or the Court's inherent authority.

Peet also seeks default judgement under Rule 55. Before seeking default judgment under Rule 55, a party must apply for entry of default by showing that "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); *see also Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) ("[E]ntry of default under Rule 55(a) must precede [a] grant of a default judgment under Rule 55(b).") In this case, because the Clerk of Court did not grant Peet's application for entry of default, Plaintiff's request for default judgement under Rule 55 must be denied.

### III.    RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff John E. Peet's Motion for Default for Failure

5

to Comply with a Judge Order with Local Rule Civ. P. 26(a)(1)(A) and Rule 36 Admission Sue Morfit and Mark Jones (ECF No. 155) be **DENIED**.

Date: January 21, 2020                              *s/ Tony N. Leung*
                                                    Tony N. Leung
                                                    United States Magistrate Judge
                                                    District of Minnesota

                                                    *Peet, et al. v. Sidney, et al.*
                                                    No. 17-cv-1870 (ECT/TNL)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).